IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTHERN TAIGA VENTURES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-646 C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S FIRST AMENDED ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge of information sufficient to form a belief as to the truth of the matters asserted.

3. Admits the allegations contained in paragraph 3 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegations contained in the first sentence of paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 4. The allegations contained in the second sentence of paragraph 4 are plaintiff's characterization of its complaint to which no response is required.

5. Defendant's responses to paragraphs 1 through 4 of the complaint are incorporated by reference.

6. Denies.

7. Admits the allegations contained in the first sentence of paragraph 7 to the extent supported by the "Final Application for Payment for the Project," which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 7. Denies the allegation contained in the second sentence of paragraph 7. The third sentence of paragraph 7 is plaintiff's characterization of its complaint, to which no response is required.

8. Denies.

9. Admits.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the plaintiff's July 3, 2006 letter, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 10. The second sentence of paragraph 10 is plaintiff's characterization of its complaint, to which no response is required.

11. Admits the allegations contained in the first sentence of paragraph 11 to the extent supported by plaintiff's July 3, 2006 letter and by the United States Postal Service Certified Mail Receipt, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph, including the allegation that plaintiff's letter was dated June 28, 2006. Admits the allegations contained in the second sentence of paragraph 11.

12. Admits the allegations contained in the first sentence of paragraph 12. The allegations contained in the second sentence of paragraph 12 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13. Denies.

14. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 13, or to any relief whatsoever.

15. Denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
BRIAN M. SIMKIN
Assistant Director

s/ Sean B. McNamara
SEAN B. McNAMARA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., NW
Washington, D.C. 20530
Tele: (202) 305-7573
Fax: (202) 514-8624

February 1, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 1st day of February, 2007, a copy of the foregoing "DEFENDANT'S AMENDED ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Sean B. McNamara